UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON WERRY,

      Plaintiff,

        v.                        CAUSE NO. 3:22-CV-334-JD-MGG

FULTON COUNTY JAIL, et al.,

      Defendants.

## OPINION AND ORDER

Jason Werry, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Werry complains about the medical care he received for a pre-existing injury at the Fulton County Jail following his January 2022 arrest and detention. [1] He explains that the injury occurred in Michigan in November 2021, when he was pistol whipped

---

[1] Werry does not say in the complaint when he entered the jail, but the docket sheet in his criminal case shows that the case was filed in January 2022. *See Indiana v. Werry*, No. 25D01-2201-F2-000054 (Fulton Super. Ct. filed Jan. 20, 2022), available at https://mycase.in.gov.

and suffered a perforated eardrum, a gash on his cheek, and damage to several teeth. He received treatment right after the injury by emergency medical technicians, then followed up a week later at a Michigan medical center when the injuries were getting worse. Later, he saw his doctor, who told him to follow up with a dentist if the pain continued.

In January 2022, Werry found himself arrested in Indiana and detained in the Fulton County Jail. He contends that Nurse Josh Hines delayed ordering an x-ray of his jaw when he complained of pain. Further, Werry alleges that Nurse Hines discontinued the Tylenol he had been taking because they got into an argument about his treatment and Nurse Hines will not put him on a liquid diet, which he needs because solid food is painful to chew. The complaint and attached exhibit establishes that Werry received an x-ray on January 31, 2022, and sometime later a CAT scan. Those tests did not reveal any fractures, but Werry alleges that the jail dentist who examined him speculated that he had two fractures to his jaw, undetectable by an x-ray, and would likely lose a back tooth and two front teeth. Werry says that the dentist told him that if he had received treatment right when he entered the jail, his teeth could have been saved. He wants compensation for the permanent damage he contends occurred from the delay in treatment.

Because Werry was a pretrial detainee when this incident occurred, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation

omitted). Nevertheless, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is whether the defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.* "[N]egligent conduct does not offend the Due Process Clause," and so allegations of negligence or even "gross negligence" do not suffice. *Id.* at 353.

Here, only the allegations concerning Werry's pain management state a claim for relief. It is objectively unreasonable to discontinue an inmate's pain medicine because of an argument, rather than a legitimate medical reason and not to accommodate a need for a liquid diet. The remaining allegations, however, show that Werry is receiving treatment for his injuries but simply disagrees with the medical professionals' decisions about the timing and necessity of additional treatment. "A constitutional violation can occur when medical providers persist in a treatment known to be ineffective or when there is an 'inexplicable delay' in treatment that worsens or prolongs the patient's suffering." *Vogelsberg v. Kim*, No. 20-2926, 2022 WL 1154767, at *3 (7th Cir. Apr. 19, 2022) (quoting *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020)). The complaint here shows

that medical staff ordered an x-ray and a CAT scan following Werry's continued complaints of pain. Werry's insistence that he suffers from fractures despite the negative tests suggests only negligence, which is not enough to state a constitutional violation. Further, the allegations do not allow a reasonable inference that waiting to order x-rays was objectively unreasonable. When Werry entered the jail, the injuries were already several weeks old and he had already received medical treatment. In this situation, it was not objectively unreasonable for medical staff to not immediately order an x-ray or other tests.

Werry does not state a claim against Quality Corrections Care, the private company contracted to provide medical care at the jail. There is no *respondeat superior* liability under 42 U.S.C. § 1983, which means Quality Corrections Care cannot be held liable solely because it employed the medical staff at the jail. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company providing medical care at a county jail can be sued under 42 U.S.C. § 1983 for constitutional violations as described in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). But such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021); *see also Dixon v. Cnty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (*Monell* requires a plaintiff to show that an official policy "was the 'moving force' behind his

constitutional injury"). Here, Werry complains about the individual decisions of the medical staff who treated him and does not connect their decisions to an official policy of their employer.

Finally, Werry sues the Fulton County Jail. The jail is a building, not a suable entity. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, the Fulton County Jail will be dismissed.

For these reasons, the court:

(1) GRANTS Jason Werry leave to proceed against Josh Hines in his individual capacity for compensatory and punitive damages for providing objectively unreasonable medical care by discontinuing Werry's pain medication and not ordering an appropriate diet in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Fulton County Jail and Quality Corrections Care;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Josh Hines at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 1);

(5) ORDERS Quality Correctional Care, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Josh Hines to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 11, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT