UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON WERRY,<br><br>Plaintiff,<br><br>v.<br><br>JOSH HINES,<br><br>Defendant. | CAUSE NO. 3:22-cv-334-JD |

OPINION AND ORDER

Jason Werry, a prisoner without a lawyer, is proceeding in this case against Nurse Josh Hines "in his individual capacity for compensatory and punitive damages for providing objectively unreasonable medical care by discontinuing Werry's pain medication and not ordering an appropriate diet in violation of the Fourteenth Amendment." ECF 6 at 5. On January 15, 2024, Nurse Hines filed a motion for summary judgment. ECF 64. With the motion, Nurse Hines provided Werry the notice required by N.D. Ind. L.R. 56-1(f). ECF 67. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over five months ago, but Werry has not responded. Therefore the court will now rule on Nurse Hines' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is whether the defendant "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether

the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

Nurse Hines provides an affidavit and Werry's medical records, which show the following facts:[1] At his intake on January 17, 2022, Werry reported "loose teeth from injury" and requested he be provided a soft food diet. ECF 66-2 at 4: ECF 66-4 at 15. Dr. Eric Tchaptchet ordered that Werry be given a soft food diet and prescribed him ibuprofen for his tooth pain. *Id.* Dr. Tchaptchet extended and increased the ibuprofen prescription on several occasions. ECF 66-2 at 4-6. On February 22, 2022, Dr. Tchaptchet discontinued Werry's ibuprofen prescription after correctional officers found him with pills concealed in his sock. ECF 66-2 at 6; ECF 66-4 at 7, 23. On February 24, 2022, Dr. Tchaptchet issued Werry a new prescription for ibuprofen, but instructed the ibuprofen be crushed and floated in water to prevent any further diversions. ECF 66-2 at 6; ECF 66-4 at 9, 19. On April 6, 2022, Werry was also prescribed acetaminophen for his tooth pain. ECF 66-2 at 7; ECF 66-4 at 3. At no time was Werry's prescription for acetaminophen discontinued. *Id.* As a nurse, Nurse Hines had no authority to prescribe or discontinue Werry's medication or culinary diets, and had no control over what food Werry was provided. ECF 66-2 at 1, 7.

Here, the undisputed facts show Werry was prescribed pain medication and a soft food diet by Dr. Tchaptchet. There is no evidence Werry was ever denied his

---

[1] Because Werry did not respond to Nurse Hines' summary judgment motion, the court accepts Nurse Hines' attestations and the contents of Werry's medical records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .")

prescribed pain medication or soft food diet, and it is undisputed Nurse Hines had no authority to discontinue Werry's prescriptions. Thus, based on the evidence in the record, no reasonable jury could conclude Nurse Hines violated Werry's Fourteenth Amendment rights by discontinuing his pain medication or diet. Summary judgment is therefore warranted in favor of Nurse Hines.

For these reasons, the court:

(1) GRANTS Nurse Hines' motion for summary judgment (ECF 64); and

(2) DIRECTS the clerk to enter judgment in favor of Nurse Hines and against Jason Werry and to close this case.

SO ORDERED on July 18, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT